**In re Thomas C. HARRIS, Jr., Donna J. Harris, Debtors.**

**Bankruptcy No. 2–89–01280.**

United States Bankruptcy Court, S.D. Ohio, E.D.

June 6, 1989.

Steven Mathless, Columbus, Ohio for Remco.

Robert M. Hoskinson, Columbus, Ohio for debtors.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

## OPINION AND ORDER SUSTAINING OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the merits of an objection to confirmation of the Chapter 13 plan proposed by Thomas and Donna Harris. The objection, asserted on behalf of Remco, was heard by the Court on May 15, 1989.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This matter, affecting the confirmation of a Chapter 13 plan, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) which this bankruptcy judge may hear and determine.

The debtors have proposed a plan which requires payments of $75 semi-monthly to the trustee for payment in full of all secured and priority unsecured claims and a dividend of 13% for allowed unsecured claims. Remco's claim is included in the unsecured class.

On January 9, 1989 debtor Donna Harris executed a Rental–Purchase Agreement and an Ohio Lease–Purchase Agreement ("the Agreements"). Under the terms of the Agreements Remco provided her with a washer and dryer for which she made seven weekly payments of $23.16. After making weekly payments totalling $1,423.26, the debtor would own the washer and dryer. Each weekly payment commenced a new lease term under the Agreements, however, and the debtor could elect not to renew the term and to return the equipment at any time without further obligation other than for payments in default at the time of the return. She also could purchase the equipment at any time by remitting a lump sum payment equal to $711.65 minus credit for one-half the payments previously made under the Agreements.

Remco maintains that the Agreements constitute a lease which the debtors must assume or reject under their Chapter 13 plan. The debtors, on the other hand, assert that the Agreements constitute a sale with a retained security interest which lacks a security agreement. Therefore, according to the debtors, Remco's claim is properly classified as unsecured.

In support of its position that the Agreements constitute a lease, Remco relies upon the provisions of Ohio Revised Code Chapter 1351. That chapter, entitled Lease–Purchase Agreements, became effective June 29, 1988. An agreement which is subject to the provisions of Ohio Revised Code Chapter 1351 is not an agreement intended as security nor is it a retail installment sale. *See* Ohio Rev.Code § 1301.01(KK) and § 1317.01(A). Should Chapter 1351 not cover the Agreements, Remco further argues that this Court's rationale set forth in *In re Bailey,* 103 B.R. 886 (Bankr.S.D. Ohio 1988), compels a finding that the Agreements constitute a true lease. In support Remco states that there is no evidence of intent to create anything other than a lessor-lessee relationship and the debtor made so few weekly payments that the issue of economic compulsion to purchase the equipment does not arise.

The debtors charge that the Agreements are not protected by Ohio Revised Code Chapter 1351 because there are inconsistencies between the two agreements with regard to certain material disclosures required by the statute. Those inconsistencies are admitted by Remco, but are attributed to its need to use the agreement form which preceded the enactment of Chapter 1351 as well as mandatory excerpts from the new statute embodied in the second agreement. That procedure was apparently in effect during a two-month transition period for alteration of Remco's internal forms during which it may have had difficulty with its computer system.

The Court finds that the issue of Remco's compliance with Chapter 1351 is neither necessary nor dispositive with regard to its objection to confirmation. Chapter 1351 gives a lessee a civil action for damages for a lessor's failure to comply with the requirements of the statute. Failure to comply with the statute, however, does not change the characterization of the Agreements. The arrangement between the debtor and Remco is clearly a lease-purchase agreement, defined in the statute as: "an agreement for the use of personal property by an individual primarily for personal, family, or household purposes for an initial period of four months or less that is automatically renewable with each lease payment after the initial period and that permits the lessee to acquire ownership of the property." Ohio Rev.Code § 1351.01(F). As such, pursuant to Ohio Revised Code §§ 1301.01(KK) and 1317.-01(A), the Agreements cannot be intended either as security or as a retail installment sale.

The Agreements create a lessor-lessee relationship, not intended as security, and do not create a retail installment sale. Therefore, the debtors' proposal to treat Remco's claim as an unsecured claim for the balance required to purchase the washer and dryer, absent assumption of the Agreements as executory contracts consistent with the mandates of 11 U.S.C. §§ 365(a) and 1322(b)(7), is not treatment

authorized by the provisions of the Bankruptcy Code.

Based upon the foregoing, Remco's objection to confirmation of the debtor's plan is sustained. The debtors shall have twenty (20) days from the entry of this order to take whatever action is appropriate. If such action is not taken, the Court will dismiss this case.

IT IS SO ORDERED.